# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL CLARK, | CASE NO. CV-F-09-2106 LJO JLT |
| Plaintiff, | **ORDER ON PLAINTIFF'S REQUEST FOR RELIEF FROM SUMMARY ADJUDICATION** |
| v. | |
| COUNTY OF TULARE, BILL WITTMAN, | |
| Defendants. | |

By notice filed on November 24, 2010, Plaintiff Michael Clark moves for reconsideration or relief from this Court's grant of the summary adjudication on seven of his eight claims. Defendants filed an opposition on November 30, 2010. Plaintiff filed a reply brief on December 17, 2010. Pursuant to Local Rule 230(g), this motion was submitted on the pleadings without oral argument, and the hearing was VACATED. Having considered the moving, opposition and reply papers, as well as the Court's file, the Court issues the following order.

## FACTUAL BACKGROUND

**A.    Factual Background**

This action alleges claims related to defamation arising from a police investigation of a shooting. Plaintiff is employed as a police officer in the City of Woodlake. As part of his duties, he is the range master for the police training shooting range. In early 2009, the Tulare County Sheriff's Department investigated the shooting of Mr. Leland Perryman. At the time of Mr. Perryman's shooting, several Officers from the City of Woodlake were practice shooting their firearms at the range, about a mile from where Mr. Perryman was shot. Plaintiff was on duty as the range master at the time of the training but was not discharging a firearm when Mr. Perryman was shot. Plaintiff was responsible for the set up of targets and for tracking the officers who participated in the exercise or who shot at the range. Behind the range is a residential area, located within the County of Tulare. Leland Perryman, with his wife, was

walking in an orchard behind his house when he was hit by a bullet.

The Tulare County Sheriff's Office ("TCSO") began an investigation of the shooting, as did the City of Woodlake Police Department. Defendant Bill Wittman is the Sheriff for the County of Tulare. The TCSO completed a lengthy investigative report about the incident, which contained some personal and confidential information about plaintiff. For instance, the report lists the plaintiff's name, employer, date of birth, age, race, sex, height, weight, hair and eye color, date of birth, home address, driver's license number, home and cellular telephone number. Plaintiff alleges the report also falsely attributed fault for Mr. Perryman's shooting on Plaintiff, claiming that some of the targets had been placed on the wings of the range in a place that was inherently unsafe. The Tulare County District Attorney determined that no one should be prosecuted for the accidental shooting.

After the report was submitted to the Tulare County District Attorney's Office, the Visalia Times Delta published the report on its website, including plaintiff's and other individuals' personal information. Plaintiff alleges that the TCSO leaked the report to various news agencies which published Plaintiff's private information. This leak of the report and the publication are the basis of plaintiff's suit. Plaintiff alleges that there is animosity between the Chief of Police for the City of Woodlake, Chief Zapalac, and the Sheriff of the County of Tulare, Bill Wittman, as they were opposing candidates in the 2010 County of Tulare Sheriff election.

**B.      Procedural History**

This case was filed on December 3, 2009. Plaintiff alleges the following causes of action:

1. Count One: First Amendment, Sixth Amendment and Fourteenth Amendment;
2. Count Two - Intentional Infliction of Emotional Distress;
3. Count Three - Negligence Infliction of Emotional Distress;
4. Count Four - Defamation;
5. Count Five - Invasion of Privacy;
6. Count Six - Violations of Gov. Code §6250;
7. Count Seven - Violations of Civ.Code §1798;
8. Count Eight - Violations of Penal Code §964.

A Scheduling Order was issued on March 4, 2010 setting discovery cut-off of September 13,

2010 and dispositive motion filing cut-off of December 13, 2010. Trial is set for March 28, 2011. After discovery closed, defendants filed a motion for summary judgment, or in the alternative motion for summary adjudication, on September 27, 2010. This Court granted the motion in part and denied the motion in part. The Court granted the motion on all claims except Count Four for Defamation. Thereafter, plaintiff brought this motion for reconsideration of the Court's order.

## ANALYSIS AND DISCUSSION

Plaintiff's motion for relief is styled under Rule 60 as a motion for reconsideration of the Court's Summary Adjudication Order.

**A.   Grounds for a Rule 60 Motion**

Rule 60(b) permits relief from "final" judgments, orders or proceedings based upon certain grounds. Fed.R.Civ.P. 60(b). Rule 60 provides for relief from a judgment based on the following grounds:

(1) mistake, inadvertence, surprise, or excusable neglect;

(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

(4) the judgment is void;

(5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6) any other reason that justifies relief.

Plaintiff's arguments appear to fall into either or "mistake, inadvertence, surprise, or excusable neglect" or "any other reason that justifies relief," including the "court's clear error." Plaintiff has not present arguments on any other Rule 60 grounds.[1]

The Court has discretion to reconsider and vacate a prior order. *Barber v. Hawaii*, 42 F.3d 1185, 1198 (9th Cir.1994); *United States v. Nutri-cology, Inc.*, 982 F.2d 394, 396 (9th Cir.1992); *see also*, Fed.

---

[1] In his reply brief, plaintiff argues that there has been an intervening change of law because Rule 56 was amended effective December 1, 2010. Plaintiff's argument is addressed *infra*.

3

R. Civ. P. 59(e). Motions to reconsider are committed to the discretion of the trial court. *Combs v. Nick Garin Trucking*, 825 F.2d 437, 441 (D.C.Cir.1987); *Rodgers v. Watt*, 722 F.2d 456, 460 (9th Cir.1983) (en banc). A motion for reconsideration is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Kona Enterprises v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000). Both parties acknowledge that Rule 60(b) relief is an extraordinary remedy and is granted only in exceptional circumstances. (See Doc. 31, Moving papers p. 5-6.) *See also, Kern-Tulare Water Dist. v. City of Bakersfield*, 634 F.Supp. 656, 665 (E.D.Cal.1986), *affirmed in part and reversed in part on other grounds*, 828 F.2d 514 (9th Cir.1987).

Motions for reconsideration are not the place for parties to make new arguments not raised in their original briefs. *Northwest Acceptance Corp. v. Lynnwood Equip., Inc.*, 841 F.2d 918, 925-6 (9th Cir.1988). Nor is reconsideration to be used to ask the court to rethink what it has already thought. *United States v. Rezzonico*, 32 F.Supp.2d 1112, 1116 (D.Ariz.1998). "A party seeking reconsideration must show more than a disagreement with the Court's decision, and recapitulation of the cases and arguments considered by the court before rendering its original decision fails to carry the moving party's burden." *U.S. v. Westlands Water Dist.*, 134 F.Supp.2d 1111, 1131 (E.D.Cal.2001).

**B.     Overview of Plaintiff's Arguments**

Plaintiff argues several reasons for requesting this Court grant relief and reverse the grant of the motions for summary adjudication. Plaintiff's arguments for relief from the Court's Order are as follows:

1. The Court was incorrect in finding the documents attached to Plaintiff's counsel's affidavit inadmissible because the documents could have been authenticated by witnesses listed in Plaintiff's counsel's affidavit;

2. Plaintiff had limited resources to dispute Defendants' motion because discovery was closed;

3. The Court was incorrect in finding Defendants met their burden on summary judgment, shifting the burden to the plaintiff (Doc. 31 Moving papers p.15 et seq.);

4. The Court should have admitted the documents because they were self-authenticating; (Doc. 31, Moving papers, p.11.)

5. The Court should have admitted the documents because the plaintiff had no obligation to depose witnesses and could rely on his own investigation at trial;

6. The documents could have been authenticated but for Defendants' "misconduct," characterized as dilatory tactics (Doc. 31 p. 12); and,

7. The Court should reopen discovery so that the plaintiff can take depositions or verifications from the defendants. (Doc. 31 p. 18.

**C.   The Discovery**

Plaintiff argues that he was "stuck" opposing the motion with the limited discovery resources he had.

"Mistake, inadvertence, surprise or excusable neglect" are usually premised upon mistakes that a party could not have protected against in the litigation. For instance, courts have declined to grant Rule 60(b)(1) relief when the mistake was the result of the moving party's deliberate and counseled decision. *Latshaw v. Trainer Wortham & Co., Inc.*, 452 F3d 1097, 1100–1102 (9th Cir. 2006).

Plaintiff had ample opportunity to conduct discovery. This action was filed on December 3, 2009, and the Scheduling Order, issued on March 4, 2010, provided for a discovery period through September 13, 2010. Thus, Plaintiff had a six-month discovery window. No argument is presented as to why this time period was insufficient. Indeed, plaintiff presents evidence that counsel engaged in extensive, informal investigative efforts, such as interviewing witnesses during the discovery period.[2] Further, the dates set at the Scheduling Conference were with the agreement of counsel. The dates were chosen by the Court with cooperation of counsel. The Court's docket does not show that plaintiff later requested any extension of discovery or any modification of the Scheduling Order. Nothing in the Court's docket indicates that plaintiff could not conduct contemplated discovery during the period allotted and agreed upon by the parties. Accordingly, there was ample opportunity to conduct discovery.

Plaintiff argues that defendants engaged in dilatory conduct in producing requested and needed documents. (Doc. 31, Moving papers p. 12.) Plaintiff argues that he did not receive the documents he requested until the discovery cut-off date had arrived. Plaintiff notes he propounded Documents

---

[2] Defendants present evidence that they deposed witnesses in April 2010. Defendants present evidence that plaintiff never deposed any witnesses.

5

Requests of June 17, 2010, received an unsatisfactory response on July 22, 2010 and thereafter engaged in meet and confer. (Doc. 31, Moving papers p.12.) Plaintiff argues that defendant did not produce the documents until September 1, 2010, two weeks before the discovery-cut off date.

If plaintiff needed assistance with discovery, plaintiff was not without discovery remedies. He could have moved to compel, moved to reopen discovery, or moved to modify the Scheduling Order. Additionally, he could have opposed the motion for summary judgment on the grounds of Rule 56(f) (now Rule 56(d), as amended), that additional discovery was needed. Instead, plaintiff chose a tactical course of action in discovery and in opposition to the motion for summary judgment. If discovery was not sufficient, plaintiff had sufficient remedies under the Rules of Civil Procedure. Accordingly, any discovery limitations were the result of plaintiff's choice of actions.

**D.     The Admissibility of the Documents**

The majority of plaintiff's motion argues that the documents and evidence the Court found inadmissible are in fact admissible. Plaintiff argues that the documents were obtained in defendants' discovery responses or defendants' disclosure and thus should have been considered by the Court. Plaintiff argues that Rule 56(c) permits the Court to consider "discovery and disclosure material."[3] (Doc. 31, Moving papers p 6.)

The language quoted by plaintiff from Rule 56 that the court may consider "discovery and disclosure material" does not obviate the need that the supporting documents must be properly authenticated and admissible. "The requirement of authentication or identification as a condition precedent to admissibility is satisfied by evidence sufficient to support a finding that the matter in question is what its proponent claims." Fed.R.Evid. 901.

Plaintiff cites *Hal Roach Studios, Inc. v. Richard Feiner and Co., Inc.*, 896 F.2d 1542 (9th Cir. 1990) for the proposition that he may employ the procedure he used to authenticate documents and

---

[3] Federal Rule Civil Procedure 56 was amended effective December 1, 2010. Although there is a slight language change and a change in the designation of subsections, the legal standard remains the same. See Fed. R. Civ. P. 56(a) (eff. Dec. 1, 2010) ("The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.") The relevant text of the prior rule stated that summary judgment is appropriate "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c) (2) (effective prior to December 1, 2010). The minor change in language between the old Rule 56(c)(2) and the revised Rule 56(a) that occurred during the pendency of this motion, has no effect on the court's ruling here.

present evidence.[4]  He argues that "someone else" could authenticate the documents later and therefore the documents should have been considered.

*Hal Roach* does not stand for the proposition plaintiff proposes.  In *Hal Roach,* evidence of a "Registration Statement" purportedly filed with the Securities and Exchange Commission, was attached to the declaration of the corporations' corporate counsel's declaration.  Corporate Counsel failed to explain his role in preparing the documents or his personal knowledge of the document.  The Court held that the Registration was inadmissible because proper foundation had not been laid to authenticate the document:

> "To be considered by the court, documents must be authenticated by and attached to an affidavit that meets the requirements of Rule 56(e) and the affiant must be a person through whom the exhibits could be admitted into evidence. A document which lacks a proper foundation to authenticate it cannot be used to support a motion for summary judgment." *Hal Roach*, 896 F.2d at 1551 (citations omitted.)

The corporate counsel lacked the necessary personal knowledge to authenticate the Registration Statement. On a motion for reconsideration, the Court nonetheless considered the Registration Statement because a declaration was then provided by a person with personal knowledge of the statement.  In addition, a certified copy of the statement had been provided to the Court.  Based upon these factors, the Ninth Circuit found that the trial court's consideration of the Registration Statement was "harmless."

Here, *Hal Roach* applies, not for the proposition suggested by plaintiff, but because no proper foundation was laid for the documents. Plaintiff's counsel sought to authenticate the documents through his declaration.  However, he lacked personal knowledge of these documents.  Whether some other person was capable of authenticating the documents is irrelevant, because no declaration authenticating the documents had been introduced.  Counsel speculates that the "persons named in plaintiff's counsel's affidavit could have authenticated each of their own emails and documents." (Doc. 31, Moving papers p. 7.)  Whether some person could authenticate plaintiff's evidence is not the point.  Plaintiff had the burden of producing admissible evidence for consideration by the Court.  See Fed.R.Civ.P 56(e).

---

[4] In plaintiff's opposition to the motion, plaintiff submitted the declaration of his attorney, Mr. Magwood, who testified as to two areas:  (1) identifying potential witnesses and what the anticipated testimony from these witnesses will show, and (2) attaching and authenticating documentary evidence, such as email correspondence, letters, and memoranda produced by defendants in discovery.

1 Plaintiff failed to do so.

2 Plaintiff argues the documents are self-authenticating because they were produced in discovery.

3 Documents produced in discovery are not generally self-authenticating, and it is plaintiff's burden to establish the authentication of each document presented as evidentiary support. Certain documents are self-authenticating. Fed.R.Evid. 902(1)-(2) (requiring public documents to either be signed under seal or attached to a certification signed under seal). Merely producing a document in discovery does not "authenticate it." See Fed.R.Civ. 902; *Orr v. Bank of America, NT & SA*, 285 F.3d 764, 773, fn. 7 (9th Cir. 2002) ("Authentication is a special aspect of relevancy concerned with establishing the genuineness of evidence.")

### E.   Defendant's Burden of Proof

Plaintiff reargues that defendants did not meet their burden of proof. Plaintiff argues that defendants did not "show" plaintiff lacked evidence. Plaintiff argues that the Rule 56 standard has changed and that defendant must cite to the record of the absence of evidence, citing Amended Rule 56(c). (Doc. 35, Reply p.2-3.)

Contrary to plaintiff's arguments, Amended Rule 56(c) does not alter the standard of proof. Rule 56(c), as amended, states in relevant part:

> "A party asserting that a fact cannot be or is genuinely disputed must support that assertion by . . . showing that . . . an adverse party cannot produce admissible evidence to support the fact." Rule 56(c)(1)(B), as amended.

The burden of the moving party was addressed in the Court's Order. The Court reviewed the authorities for a defendant to "show" that plaintiff lacked evidence. (See Doc. 30, Order p. 4.) The Court held that defendants had met their burden of "showing" plaintiff lacked evidence. *Id.* The legal standards remain the same, even under the amended Rule. Indeed, the Advisory Comments to amended Rule 56(c)(1)(B) state that this subsection "recognizes that a party need not always point to specific record materials;" and that a defendant may rely upon a showing "that a party who does have the trial burden cannot produce admissible evidence to carry its burden as to the fact." Thus, the Court finds no error in its ruling regarding defendants meeting their burden of proof.

Plaintiff also argues he had "no obligation to take depositions and could rely upon his own

1 investigations in presenting his case at trial." (Doc. 31, Moving papers p. 15.) He argues that his responses to Defendant's interrogatory states facts to support his contention that defendant Wittman caused the report to be leaked. (Doc. 31, Moving papers p. 16.)

While plaintiff is correct that he had no obligation to take depositions,[5] plaintiff is incorrect in the other respects. To successfully oppose a motion for summary judgment, plaintiff must introduce admissible evidence showing there is a genuine issue for trial. Fed.R.Civ. P. 56(e). As fully discussed above and in the Court's order granting summary judgment, plaintiff has failed to do so.

**F.     Burden on the §1983 Claim**

Plaintiff argues that the Court wrongly decided that there was no question of fact on this claim. He argues that he was deprived of his constitutional rights to be free from harassment for his choice not to cooperate with a police investigation. (Doc. 17, Moving papers p. 17.) He points to a telephone call between himself and a Tulare County Sheriff's Office investigator where plaintiff says he does not want to give a statement because "I can't afford to lose my job . . ."

This evidence was considered by the court and merely is reargued here. This evidence is insufficient to raise an issue of fact. The Court previously held that:

> "Plaintiff has not introduced evidence that he was threatened by the TCSO or his own office to cooperate. Plaintiff does not introduce evidence he was under oath or faced a choice of cooperating or losing his job."

Further, plaintiff's speculation about a potential loss of his job does not rise to a potential constitutional violation. Plaintiff is not seeking to hold his own police department responsible for threatening to fire him (and there is no evidence the department threatened to fire him); he seeks to hold the TCSO's liable for his own department's possible violations of his rights. Any repercussions from failure to cooperate would be administered by a non-party, his department, and not a defendant here. Plaintiff offers speculation that he was faced with adverse consequences.

**G.     Plaintiff's Request for Rule 56(f) Relief to Conduct Additional Discovery**

Plaintiff asks the Court to grant Plaintiff relief for the purpose of conducting further discovery

---

[5] A declaration, rather than a deposition, from a witness who is competent to testify is an acceptable form of evidence to oppose a motion for summary judgment.

pursuant to Fed.R.Civ.P. 56(f) (now Rule 56(d), as amended).  Plaintiff argues that his investigative work has been informal and that he did not expect to get admissions from defendants.  He wants to take the depositions of Sherriff Wittman, Undersheriff Cleek, Lt. Weller, Lt. Carter, Capt. Lomeli, Sgt. Peterson and the District Attorney and Deputy District Attorney Dan Gallian, and Ms. Green and Mr. Castillon of the Visalia Times-Delta.  (Doc. 31, Moving papers p. 19.)

Here, the Court denies the relief under Rule 56(f).  The request is made after the close of discovery.  Plaintiff has had six months to conduct discovery.  Plaintiff had the full discovery period in which to conduct discovery and obtain evidence to support his claims.  As plaintiff acknowledges in his Reply brief, he conducted informal discovery.  Rather than conduct formal discovery, plaintiff made a tactical decision to rely upon informal investigative efforts.  Plaintiff's informal discovery is a method which may be used to obtain evidence, but plaintiff had the burden of obtaining admissible evidence for purposes of opposing a motion for summary judgment.

Now that plaintiff has been unsuccessful on the summary judgment motion, he seeks to reopen discovery to correct errors.  Plaintiff's request is not brought during the pendency of the summary motion. The request is made after plaintiff has lost the motion. The request is made after discovery has closed.  The Court does not find any justification for reopening discovery.  Plaintiff has not been short-changed from the ability to engage in discovery during the full the discovery period.  Plaintiff's request unfairly provides plaintiff a second bite at the apple for a tactical decision which has proven unsuccessful.

## CONCLUSION

For all the foregoing reasons, plaintiff's motion for reconsideration is DENIED.

IT IS SO ORDERED.

**Dated:   December 21, 2010**               /s/ Lawrence J. O'Neill
                                              UNITED STATES DISTRICT JUDGE