1

2

3

4

5

6

7           **IN THE UNITED STATES DISTRICT COURT**

8           **FOR THE EASTERN DISTRICT OF CALIFORNIA**

9

10   MICHAEL CLARK,                              CASE NO. CV-F-09-2106 LJO JLT

11            Plaintiff,                         **ORDER ON DEFENDANTS' MOTION
                                                 TO DISMISS THE FOURTH CAUSE OF**
12        v.                                     **ACTION**

13   COUNTY OF TULARE, BILL
14   WITTMAN,

15            Defendants.
     _____/
16

17        By notice filed on November 30, 2010, Defendants County of Tulare ("County") and Bill

18   Wittman ("Wittman"), individually and in his official capacity as Tulare County Sheriff, move to

19   dismiss plaintiff's fourth cause of action for defamation pursuant to Fed.R.Civ.P.12(c).  Plaintiff filed

20   an opposition on December 17, 2010.  Defendants filed a reply brief on December 21, 2010.  Pursuant

21   to Local Rule 230(g), this motion is submitted on the pleadings without oral argument, and the hearing

22   set for January 5, 2011 is VACATED.  Having considered the moving, opposition and reply papers, as

23   well as the Court's file, the Court issues the following order.

24                              **FACTUAL BACKGROUND**

25        The sole claim which survives a summary adjudication motion is plaintiff's fourth cause of

26   action for defamation.  The alleged defamation arose from the publication of an Incident Report prepared

27   by the Tulare County Sheriff's Office ("TCSO").  The TCSO investigated an accidental shooting which

28   occurred near the police training shooting range.  At the time of shooting, several Officers from the City

                                            1

1    of Woodlake were practice-shooting their firearms at the range.  Plaintiff was on duty as the range

2    master at the time of the training. The TCSO investigated the shooting and completed a lengthy

3    investigative report about the incident.  Plaintiff alleges that, "[T]he Incident Report falsely infers and

4    states that the targets on the shooting range were set in a fashion where a shot directly at one of the

5    targets would pass through and over the shooting range berm, and struck the victim." (Doc. 15, First

6    Amended Complaint "FAC" ¶80.)  Plaintiff alleges that the Incident Report "incorrectly lays blame on

7    the Range Master, plaintiff."   Plaintiff alleges that defendants caused the Incident Report to be

8    published: "Defendant Wittman nevertheless caused or directed others to cause the Incident Report to

9    be published in newspapers of general circulation in Central California."  Plaintiff alleges that the

10   Incident Report identifies specific information about plaintiff and "falsely attributes fault for an

11   accidental shooting to plaintiff."  (Doc. 15, FAC ¶85.)  Plaintiff alleges that he has been harmed from

12   the publication.  "Because of the publication of the Incident Report and the negative publicity Plaintiff

13   has been relieved of his training positions at this job, has had to take security measures for his family,

14   has had harm to his reputation and has suffered shame, mortification or hurt feelings." (Dco. 15, FAC

15   ¶86.)

16                                    **ANALYSIS AND DISCUSSION**

17   **A.      Standard for Motion for Judgment on the Pleadings**

18           The standard applied on a Rule 12(c) motion is essentially the same as that applied on Rule

19   12(b)(6) motions: i.e., judgment on the pleadings is appropriate when, even if all material facts in the

20   pleading under attack are true, the moving party is entitled to judgment as a matter of law.  *Hal Roach*

21   *Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1550 (9th Cir. 1990).  The court must assume

22   the truthfulness of the material facts alleged in the complaint and all inferences reasonably drawn from

23   these facts must be construed in favor of the responding party. *General Conference Corp. of*

24   *Seventh–Day Adventists v. Seventh–Day Adventist Congregational Church*, 887 F.2d 228, 230 (9th Cir.

25   1989), *cert. denied,* 493 U.S. 1079 (1990).  Defendant is not entitled to judgment on the pleadings if the

26   complaint raises issues of fact which, if proved, would support recovery.  *Id.* at 230.

27           Like a Rule 12(b)(6) motion to dismiss, a Rule 12(c) motion challenges the legal sufficiency of

28   an opposing party's pleadings.  "When a federal court reviews the sufficiency of a complaint, before the

2

reception of any evidence either by affidavit or admissions, its task is necessarily a limited one." *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990). Dismissal is proper where there is either a "lack of a cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable legal theory." *Id*. "Factual allegations must be enough to raise a right to relief above the speculative level...on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 1965 (2007) (internal citations and quotations omitted). "While a complaint...does not need detailed factual allegations...a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitations of the elements of a cause of action will not do." *Id*. at 1964. To survive this motion, plaintiff's allegations must be plausible on their face. *Id*. at 1973.

With these standards in mind, this Court turns to the merits of the motion.

**B.     Immunity for Count Four - Defamation**

Defendants move to dismiss on the grounds that they are immune from liability under Cal.Govt. Code §821.6 and Cal.Civ.Code §47(c). Defendants argue that they are immune because the statements were made as part of the investigation of a shooting. Defendants argue that the cause of action for defamation is based upon the Sheriff's investigation of the shooting. Defendants argue that any opinions in the Incident Report are privileged for which no liability can attach.

Plaintiff argues that the publication of the Incident Report, and the defamatory and private material contained therein, is unconnected with the official acts of the officers.

**1.     Immunity Pursuant to Gov.Code §821.6 for the Investigation and Incident Report**

A public employee is not liable for injury caused by his instituting or prosecuting any judicial or administrative proceeding within the scope of his employment, even if he acts maliciously and without probable cause. Cal.Govt Code §821.6. Section 821.6 provides:

> "[a] public employee is not liable for injury caused by his instituting or prosecuting any judicial or administrative proceeding within the scope of his employment, even if he acts maliciously and without probable cause."

California courts construe § 821.6 broadly in furtherance of its purpose to protect public employees in the performance of their prosecutorial duties from the threat of harassment through civil suits. *Gillan v. City of San Marino,* 147 Cal.App.4th 1033, 1048, 55 Cal.Rptr.3d 158 (2007). "Section 821.6 is not

1   limited to conduct occurring during formal proceedings. '[I]t also extends to actions taken in preparation

2   for formal proceedings. Because investigation is "an essential step" toward the institution of formal

3   proceedings, it "is also cloaked with immunity."'"*Javor v. Taggart*, 98 Cal.App.4th 795, 808, 120

4   Cal.Rptr.2d 174 (2002).   It is also relevant that "[s]ection 821.6 is not limited to suits for damages for

5   malicious prosecution, although that is a principal use of the statute." *Id.*

6          The Court agrees that the defendants are immune under §821.6 for the investigation and

7   preparation of the Incident Report.  Section 821.6 applies to actions taken in preparation for formal

8   proceedings including criminal investigations.  *Amylou R. v. County of Riverside*, 28 Cal.App.4th 1205,

9   34 Cal.Rptr.2d 319 (1994).  In *Amylou R.*, the plaintiff sued a county, contending that the actions of its

10  officers in investigating a murder were tortious.  The court concluded that officers who conducted the

11  investigation were immune under § 821.6 because the officers' acts "are incidental to the investigation

12  of the crimes, and since investigation is part of the prosecution of a judicial proceeding, those acts were

13  committed in the course of the prosecution of that proceeding."  *Id.* at 1211.  Thus, as in *Amylou*, the

14  investigation of the shooting is part of the criminal investigation.  The Report and its conclusions are

15  part of the criminal investigation.  Indeed, plaintiff does not contend defendants are liable for the

16  investigation and preparation of the Incident Report.  As part of the criminal investigation, the persons

17  involved would be immune for the investigation and the preparation of the Incident Report.

18          **2.        Immunity for the Publication of the Incident Report**

19          Here, however, the act which forms the basis of plaintiff's cause of action is the publication of

20  the Incident Report.  Plaintiff is not seeking liability for the acts of investigation, preparation or

21  conclusions of the report.  Plaintiff is seeking liability for the publication of the report.  Plaintiff alleges:

22              "Because of the publication of the Incident Report and the negative
                publicity Plaintiff has been relieved of his training positions at his job,
23              has had to take security measures for his family, has had harm to his
                reputation, and has suffered shame, mortification, or hurt feelings."
24              (Doc. 15 FAC ¶86.)

25  Thus, the issue is whether the publication of the Incident Report is subject to immunity pursuant to

26

27

28

4

1  Gov.Code §821.6.[1]

2        The test of immunity is not the timing of the offending conduct, but whether there is a causal

3  relationship between the act and the prosecution process. Thus, if the act is made as part of the process,

4  it is protected by the immunity in section 821.6.  *Cappuccio, Inc. v. Harmon*, 208 Cal.App.3d 1496,

5  1498-1500 (1989) (the crux of the analysis is not the timing of the publication but the relationship

6  between the publication and the prosecution process.)  In determining whether section 821.6 bars a

7  particular cause of action, we look to the conduct from which it arises and consider its relationship to

8  the initiation or prosecution of criminal proceedings.  *Id.*

9        In *Citizens Capital Corporation v. Spohn*, 133 Cal.App.3d 887 (1982), the court held public

10  officials were immune under Government Code § 821.6 from defamation charges brought by a collection

11  agency.  The plaintiffs alleged defamation based on "widespread newspaper publicity charging them

12  with improper conduct in operating their collection services...."  *Id.* at 888.  The Court held the

13  defendants were immune under Gov.Code §821.6 because "the publicity merely reported the results of

14  official investigations of plaintiffs and the revocation action based on those investigations." In *Ingram*

15  *v. Flippo*, 74 Cal.app.4th 1280, 1293 (1990), the District Attorney conducted an investigation and made

16  known the results of that investigation.  The court held that the statements were part of the prosecution

17  process and therefore protected.  The District Attorney was protected by the prosecutorial immunity of

18  section 821.6 for the statements made after close of the investigation because those statements were part

19  of the prosecution process and were an exercise of prosecutorial discretion even though no prosecution

20  was brought.  *See also Kayfetz v. State of California*, 156 Cal.App.3d 491, 497-499, 203 Cal.Rptr. 33

21  (1984) (after physician stipulated to drug rehabilitation in order to expunge record of completed

22  disciplinary proceeding, state board publicized the charges and disposition; defendants were immune);

23  _____

24      [1] Defendants argue that in the summary judgment motion, the Court left open only the issue of whether the
statements in the Incident Report had "defamatory" meaning.  (Doc. 39, Reply p. 3-4.)  Defendants argue that the issue of

25  "publication" has been resolved.  However, in the summary judgment motion, the Court ruled on the elements presented to
it for a particular claim.  The elements of a defamation claim are (1) a publication that is (2) false, (3) defamatory, (4)

26  unprivileged, and (5) has a natural tendency to injure or causes special damage. Cal.Civ.Code §§ 45, 46; *Taus v. Loftus*, 40
Cal.4th 683, 720 (2007).  The Court ruled that plaintiff raised a question of fact as to the defamatory nature of the statements

27  in the Incident Report.  As the Court found plaintiff presented a question of fact, the defamation cause of action survived the
summary judgment.  The Court's finding on that one element does not preclude evidence on any other element in a
defamation claim at the time of trial.  Whether plaintiff has competent evidence on the publication element to present at the

28  time of trial is not currently before the Court.

1   *Cappuccio, Inc. v. Harmon*, 208 Cal.App.3d 1496, 1500, 1502, 257 Cal.Rptr. 4 (1989) (immunity

2   applied for an inaccurate public announcement, made after the fact, of the details of a criminal

3   conviction. Court held the statements were a report of the outcome of the investigation.)

4        Plaintiff argues that each of these cases is distinguishable because the cases do not involve a

5   publication of defamatory and private materials unconnected with the official acts of the officer.  (Doc.

6   36, Opposition p.4.)

7        According to California precedent, the publication of the report was part of the "prosecution"

8   of a proceeding within the meaning of this section.  In the above cases, the government officials were

9   immune for publication of investigation results.  Whether, as plaintiff alleges, the Incident Report was

10  deemed confidential by the TCSO and not subject to general dissemination, is irrelevant to the immunity

11  imposed by §821. 6. "When the duty to investigate crime and to institute criminal proceedings is lodged

12  with any public officer, it is for the best interests of the community as a whole that he be protected from

13  harassment in the performance of that duty. The efficient functioning of our system of law enforcement

14  is dependent largely upon the investigation of crime and the accusation of offenders by properly trained

15  officers. A breakdown of this system at the investigative or accusatory level would wreak untold harm."

16  *Cappuccio, Inc. v. Harmon,* 208 Cal.App.3d at 1501.  Here, the TCSO was charged with investigation

17  of the shooting of a citizen.  The result was the Incident Report which came to conclusions as to the

18  responsible individuals.  If Sheriff Wittman had held a press conference and announced the investigation

19  results, he would be immune under California statutory and case law.  Disclosure of the Incident Report

20  is likewise protected.  "Though this may sometimes produce harsh results, California courts have

21  consistently recognized that the need to protect such activity outweighs competing interests, including

22  the rights of third parties." *White v. Towers*, 37 Cal.2d 727, 729, 235 P.2d 209 (1951).  Accordingly,

23  defendants are immune from liability for the fourth cause of action for defamation.

24       Plaintiff argues that Sheriff Wittman would not be immune if, as an example, he "released

25  information he obtained in the course and scope of a criminal investigation his office conducted, with

26  no official justification, but simply in order to gain advantage in a business transaction."  (Doc. 36,

27  Opposition p. 5.)

28       Immunity applies "regardless of motivation" for the publicity. *Ingram v. Flippo*, 74 Cal.App.4th

at 1293 (California has a "liberal interpretation of the immunity statute"); *accord Citizens Capital*, 133 Cal.App.3d at 889 ("immunity, even from wrongfully motivated action, is granted, as a matter of public policy, to avoid the risk of public officers avoiding their public duty for fear of the burden of trial and risk of its outcome.")  Thus, pursuant to California precedent, immunity applies regardless of the motive of the publication.

### 3.    Immunity under Civ.Code §47

Defendants also argue that they are immune under Civ.Code 47(c).  (See Doc. 33, Moving papers p. 7:5.)   Under Section 47(c), a qualified privilege, that is a privilege that applies only to communications made without malice, applies to communications to a person interested therein, (1) by one who is also interested, or (2) by one who stands in such relation to the person interested as to afford a reasonable ground for supposing the motive for the communication to be innocent, or (3) who is requested by the person interested to give the information.  In their reply brief, defendants argue that they are entitled to immunity for the opinions and conclusions in the investigative report under 47(c). Defendant do not argue that the publication was made as part of a official act, pursuant to Civ.Code §47(a) ("A privileged publication is one made (a) In the proper discharge of an official duty.") Defendants do not argue that the publication was made as part of a legislative, judicial or official proceeding.  Civ.Code §47(b).

As this Court has found immunity under Gov. Code §821.6, the Court does not reach potential immunity under Civ.Code §47(c).

### CONCLUSION

For the foregoing reasons, the Court GRANTS the motion to dismiss pursuant to Rule 12(c) in favor of defendants County of Tulare and Bill Wittman and against plaintiff Michael Clark.

IT IS SO ORDERED.

**Dated:    December 23, 2010**               **/s/ Lawrence J. O'Neill**
                                            UNITED STATES DISTRICT JUDGE

7